UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| MICHAEL JESSE BANNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:09-cv-122 |
| ) | *Judge Jordan* |
| HAMBLEN COUNTY SHERIFF'S DEPT., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM and ORDER**

Acting *pro se*, Michael Jesse Banner, a prisoner in the Hamblen County Detention Center (hereinafter HCDC), brings this civil rights action for injunctive relief under 42 U.S.C. § 1983. Plaintiff asserts, in his complaint, (Doc. 3), that he is known as a "snitch" who has helped the Morristown Narcotics Team bust drug dealers, that he fears for his life, and that, when the other inmates with whom he is housed receive verification that he, in fact, has worked as a confidential informant for the police, he will be beaten or worse.

### **I. The Filing Fee.**

Plaintiff's application to proceed without prepayment of the filing fee is **GRANTED** [Doc. 1], and he is **ASSESSED** the civil filing fee of three hundred and

fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

## II. Screening.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. Plaintiff's Allegations.

The pleadings contain the allegations which follow. Plaintiff is incarcerated

2

in the HCDC for violating the terms of his probation for a misdemeanor offense. At present, he is housed in isolation because he cannot live in any other unit since he would be in imminent danger of serious physical injury if he were confined in any of those areas at the HCDC. Plaintiff cannot sleep because he is afraid the inmates will attack him. He participates in recreation but does so with nine other inmates who also could get him. Furthermore, rumor has it that he will be beaten when someone gives the other inmates the go-ahead.

Additionally, he cannot even move around in his one-man cell, which houses three other inmates, and the lack of mobility due to the overcrowded conditions has caused soreness in his body. Not only has plaintiff filed requests to have his predicament remedied, but his sister, Tonya Ramos, has reported the situation to Teresa Laws at the Hamblen County Sheriff's Department. Plaintiff's requests go unanswered and nothing is done to address his safety concerns. Plaintiff asks that he be transferred to a jail in another county.

### IV. Law and Analysis.

The claims have been divided into two categories for ease of discussion

### A. *Claims Against the Hamblen County Sheriff's Department*.

The only defendant named in the complaint is the Hamblen County Sheriff's Department. However this defendant is a non-suable entity under § 1983. *See*

3

*Monell v. Dep't of Soc. Serve.*, 436 U.S. 658, 690 & n. 55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Brock v. Warren County, Tenn.*, 713 F.Supp 238 (E.D. Tenn. 1989) (ruling that a sheriff's department is not a "person" subject to suit); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a police department is not a suable entity). Therefore, plaintiff has failed to state a claim against this defendant.

**B.** *Claims of Imminent Serious Physical Injury*.

"Punishment" can be extended beyond that which is part of a sentence and can include the conditions under which an inmate is confined; thus, a constitution violation results when prison officials show deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). An inmate's allegation that correctional authorities have failed to protect him from an assault by another inmate may state an Eighth Amendment claim under § 1983. *Id.*

An Eighth Amendment claim has both an objective and a subjective component. *Ibid.* The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Ibid.* The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Id.* at 842. Moreover, a prisoner may seek "injunctive relief to prevent a substantial risk

4

of serious injury from ripening into actual harm," and need not "await a tragic event [such as an] actua[l] assaul[t] before obtaining relief." *Id.* at 845. Where a "court finds the Eighth Amendment's subjective and objective requirements satisfied, it may grant appropriate injunctive relief." *Id.* at 847.

Here, plaintiff's contentions arguably state an Eighth Amendment claim for deliberate indifference to a substantial risk of harm, but not against the named defendant. Since the only defendant identified in this lawsuit is not a suable entity, this action will be dismissed for failure to state a claim, unless within thirty (30) days from the date on this order, plaintiff amends his complaint to name an appropriate defendant.

**ENTER:**

_Leon Jordan_
LEON JORDAN
UNITED STATES DISTRICT JUDGE